FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 JAN 29 PM 1:40

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

REID A. STEWARD,

          Plaintiff,

vs.                           Case No. 2:05-cv-342-FtM-34SPC

DON HUNTER, CHRIS FREEMAN, RICHARD SCAMMON,

          Defendants.

_____

## OPINION AND ORDER[1]

### I.

This matter comes before the Court upon review of Defendant Scammon's Motion to Dismiss (Doc. #53, Motion to Dismiss), filed August 16, 2007. The Court granted Plaintiff two extensions of time to file a Response. Plaintiff filed a Response (Doc. #62, Response) on December 3, 2007. This matter is ripe for review.

Plaintiff, who is proceeding *pro se*, filed a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was a pre-trial detainee at the Collier County Jail. See generally Complaint. Plaintiff names the following individuals as Defendants: Don Hunter (Sheriff, Collier County), Chris Freeman

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

(Jail Administrator, Collier County Jail), and Richard Scammon (former jail deputy, Collier County Jail). Complaint at 4-6, 12-13. Defendants Hunter and Freeman filed Motions to Dismiss, which the Court granted in part and denied in part. See Order at Doc. #58. Defendants Hunter and Freeman filed their Answers on December 6, 2007. See Docs. #63, #64.

## II.

The Complaint alleges that on September 15, 2004, Defendant Scammon escorted Plaintiff from his cell to the visitation area for visitation time with Plaintiff's mother. Complaint at 6. While Plaintiff was out of his cell, Plaintiff claims that Defendant Scammon planted a handcuff key in a slice of cake left inside the cell. Id. at 6-7. After approximately one hour of visitation time, Defendant Scammon escorted Plaintiff from the visitation area back to his cell and told Plaintiff that he found a handcuff key, which is contraband, in the cake in Plaintiff's cell during a search. Id. at 7. Plaintiff objected and requested to speak to a supervisor, but the request was denied. Id.

The following day, Defendant Scammon and two other officers, who are not named Defendants, arrived at Plaintiff's cell to escort Plaintiff to the booking department for Plaintiff to be formally charged with introducing contraband into a correctional facility. Id. Plaintiff contends that he told the officers that he had been "set-up" and again requested to speak to a supervisor, but his

request was denied. <u>Id.</u> at 7-8. Plaintiff admits that he initially refused to leave his cell, but eventually complied with the officers' orders. <u>Id.</u> at 8. While he was complying, Plaintiff alleges that Defendant Scammon sprayed him with multiple bursts of pepper spray. <u>Id.</u> Defendant Scammon and Officer Newmark (not a named Defendant) then allegedly "entered the cell and slammed [Plaintiff] to the concrete floor and dragged [him] approximately 20 feet into the day room." <u>Id.</u> Plaintiff was then escorted to the shower to remove the pepper spray from his body. <u>Id.</u>

According to the Complaint, at the time of the incident complained of, the "Jail Administration" suspected Defendant Scammon of committing similar unlawful acts against other inmates, but nevertheless permitted Scammon to continue working at the jail. <u>Id.</u> at 10. Plaintiff avers that he exhausted his administrative remedies at the jail, hired a private attorney to represent him on the contraband charges, and filed a grievance with Collier County Sheriff's Office Professional Responsibility Bureau-Internal Affairs (hereinafter "PRB"). <u>Id.</u> Plaintiff contends that after conducting an investigation, the PRB concluded that Defendant Scammon had falsified reports and had been planting contraband in the inmates' cells. <u>Id.</u> at 10. On October 18, 2004, the Sheriff's Department terminated Defendant Scammon. <u>Id.</u> The same day, the criminal charges for contraband and the disciplinary action brought against Plaintiff were dismissed. <u>Id.</u> at 10. Plaintiff alleges

that Defendant Scammon was subsequently criminally charged, plead no contest, and sentenced by a state judge to two years of probation. Id. at 10-11.

As a result of the alleged excessive use of force, Plaintiff complains that he experienced "severe pain and swelling in his genital area, painful urination, blurriness in his left eye, cold sweats, and insomnia." Id. at 9. Additionally, Plaintiff contends that due to the additional criminal contraband charges, the State Attorney's Office withdrew a plea deal, which called for a forty-one month sentence, on Plaintiff's underlying criminal charges. Instead, Plaintiff faces a minimum fifteen-year sentence. Id. at 11. As relief, Plaintiff seeks damages from the Defendants. Id. at 12-13.

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law

or of mixed law and fact in a complaint. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); <u>Dura Pharms., Inc. v. Broudo</u>, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and stating that <u>Conley</u> did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). Nevertheless, because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).

With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834, 836-838 (11th Cir. 2004)(citing

Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## IV.

Defendant Scammon seeks dismissal of this action, arguing that he is entitled to qualified immunity. See Motion at 3. He states that searching an inmate's cell and escorting an inmate to the booking hall clearly fall within a jail deputy's job duties and within the scope of employment. Id. at 6. Accordingly, Defendant Scammon asserts that he was acting within the scope of his discretionary authority. Id. Further, with regard to the alleged excessive use of force, Scammon argues the force was not excessive, and that using force to gain compliance of an inmate is within the jail deputy's duties and scope of employment. Id. at 7-8.

In Response, Plaintiff cites <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), and argues that qualified immunity is unavailable and inapplicable because Defendant Scammon engaged in felonious conduct. Response at 3. Plaintiff also re-alleges the facts in his Complaint, arguing that Scammon's search of his cell was an "unlawful" search including the planting of a handcuff key, for which Plaintiff faced charges. Plaintiff reiterates that the charges against him were later dropped, Scammon was fired by the Sheriff's Department, and criminally charged by the State Attorney's Office. <u>Id.</u> Lastly, Plaintiff argues that Scammon wrongfully used pepper spray on him when he attempted to report Scammon's illegal activities to a supervisor. <u>Id.</u> Before addressing Scammon's assertion of qualified immunity, the Court will address whether Plaintiff's factual allegations assert a cognizable constitutional claim.

### V.

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d

1275, 1288 (11th Cir. 2001). Here, the parties do not dispute that the Defendants are state actors. Plaintiff claims the Defendants violated his right to be free from cruel and unusual punishment, as well as his Fourteenth Amendment due process rights.[2]

Plaintiff's excessive use of force claim stems from Defendant Scammon's alleged use of pepper spray on Plaintiff, after Plaintiff was complying with Scammon's orders. Plaintiff's rights as a pre-trial detainee are governed by the Fourteenth Amendment rather than the Eighth Amendment, although the applicable standard is the same. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). Thus, the case law developed with regard to the Eighth Amendment prohibition against cruel and unusual punishment is equally applicable to claims arising under the Fourteenth Amendment. Cottone v. Jenne, 326 F.3d 1352, 1357 n.4 (11th Cir. 2003) (citing Ingraham v. Wright, 430 U.S. 651, 671 (1977)). To establish a claim for excessive use of force, a plaintiff must show: (1) that the force was "sadistically and maliciously applied for the very

---

[2] The Complaint also alleges a federal malicious prosecution claim stemming from Defendant Scammon's alleged planting of a handcuff key in Plaintiff's cell. See generally Riley v. City of Montgomery, Ala., 104 F.3d 1247, 1253 (11th Cir. 1997) (vacating part of the district court's Order and noting that an officer's planting of evidence violated arrestee's federal rights and could give rise to liability under § 1983). The Eleventh Circuit has recognized "malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003), cert. denied 540 U.S. 879 (2003). Both state law and federal law inform the Court of the elements of malicious prosecution. Id. at 883.

purpose of causing harm;" and (2) that more than a *de minimus* injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2001). Courts consider the following factors to determine whether force was applied "maliciously and sadistically": "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted).

Here, Plaintiff alleges Scammon sprayed him with pepper spray, "slammed" him onto the floor and dragged him 20 feet to the dayroom, after Plaintiff was complying with his orders. Further, the spraying incident is alleged to have occurred before Scammon was escorting Plaintiff to the booking office for charges that Plaintiff contends were false and a result of Scammon planting a handcuff key in Plaintiff's cell. Based on a review of the facts alleged by Plaintiff, the Court cannot conclude that the Complaint fails to state a claim upon which relief could be granted.

## VI.

Next the Court turns to Scammon's contention that the Complaint must be dismissed as he is entitled to Qualified Immunity. "Qualified immunity offers complete protection for

government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Al-Amin v. Smith, ___ F.3d ___, 2008 WL 60018 *4 (11th Cir. Jan. 12, 2008)(quoting Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)). First, government officials must establish that they were acting within their discretionary authority. Id. "[A] government official can prove he acted within the scope of his discretionary authority by showing 'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.'" Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). If a defendant establishes that he was acting within his discretionary authority, then the burden shifts to the plaintiff to demonstrate that the defendant violated clearly established law. Al-Amin, 2008 WL 60018 *4.

The Supreme Court has set forth a two-part test to determine the applicability of qualified immunity. See Vinyard, 311 F.3d at 1346 (citing Hope v. Pelzer, 536 U.S. 730 (2002)). First, the Court considers whether the plaintiff's allegations, if true, establish a constitutional violation. Al-Amin, 2008 WL 60018 *4. Second, the Court determines "whether the constitutional right was clearly established" at the time of the alleged violation. Id. This inquiry involves a determination of "'whether it would be

clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier v. Katz, 533 U.S. 194, 202 (2001)).

Here, Plaintiff disputes that Scammon was acting within his discretionary authority because, as he alleges, Scammon's actions were illegal. However, when determining whether an officer acted within his discretionary authority, "[t]he inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act." Harbert Intern., Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998). "Instead, a court must ask whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." Id. Based on the foregoing, the question presented in the case *sub judice* is whether Scammon's discretionary duties included conducting a cell search in Plaintiff's cell, use of chemical agents, and transporting him to the booking office. Defendant, citing no precedent, asserts that the search of an inmate's jail cell and escorting an inmate to a booking hall are actions taken pursuant to a jail deputy's duties and within the scope of the jail deputy's authority. Motion to Dismiss at 6. Assuming *arguendo* that Scammon's actions were within the scope of his discretionary authority,[3] the Court, nonetheless, finds that

---

[3]Indeed, transporting an inmate falls within the scope of discretionary authority. See Jordan, 38 F.3d at 1566 (reasoning
(continued...)

Scammon is not entitled to dismissal of the Complaint based upon qualified immunity as Plaintiff's allegations, if proven, would support a conclusion that Scammon violated clearly established constitutional law.

The Court finds that it is sufficiently clear that a reasonable officer would know that planting evidence in a cell resulting in charges against Plaintiff is unlawful. See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1281 (11th Cir. 2002) ("[a]n investigator's planting or fabricating evidence in an effort to obtain a conviction does violate clearly established law . . . and therefore is not protected by qualified immunity."). Additionally, the Eleventh Circuit Court of Appeals has ruled that a defense of qualified immunity is not available where the use of excessive force in violation of the Eighth Amendment has been established, because the use of force maliciously and sadistically to cause harm is clearly established to be a violation of the Constitution by the Supreme Court decisions in Hudson and Whitley. Johnson, 280 F.3d at 1321; Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002).

The question at this stage of the proceedings is whether plaintiff has pled sufficient facts to survive a motion to dismiss. Skrtich, 280 F.3d at 1301. Based on the facts alleged, the Court

---

[3](...continued)
that transporting an inmate from one facility to another facility clearly falls within an officer's discretionary authority).

concludes that the claims set forth in the Complaint are sufficient to survive Defendant Scammon's Motion to Dismiss.[4]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Scammon's Motion to Dismiss (Doc. #53) is **DENIED**.

2. Defendant Scammon shall file an Answer within twenty (20) days from the date on this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this 29th day of January, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

---

[4]Although the Court has determined that Qualified Immunity is not available to Defendant Scammon at this stage of the proceedings, this finding is without prejudice to Defendant raising the defense by a motion for summary judgment or at trial.

-13-